IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA GARNER,       Plaintiff, <br><br> vs. <br><br> CITY OF WELLSTON, MISSOURI, and, NATHANIAL GRIFFIN, <br><br>       Defendants. <br><br> For Defendant City of Wellston serve: <br><br>       City Clerk <br>       City of Wellston <br>       Wellston City Hall <br>       1414 Evergreen Avenue <br>       Wellston, Missouri 63133 <br><br> For Defendant Nathaniel Griffin serve at: <br>       City of Wellston <br>       Wellston City Hall <br>       1414 Evergreen Avenue <br>       Wellston, Missouri 63133 | JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff Linda Garner alleges and states as follows:

1. In this civil rights action, brought pursuant to 42 U.S.C. §1983, Plaintiff Linda Garner seeks a judgment against Defendants City of Wellston and Nathaniel Griffin for violation of her free speech rights, for violation of her due process rights, for her rights to be free of false arrest, and for her rights to be free of unreasonable arrest and physical "manhandling" under the First, Fourth, and Fourteenth Amendments for her removal from two City Council meetings by the local police department upon the order of Nathaniel Griffin.

1

2. Plaintiff Linda Garner is a citizen of the United States, a citizen and resident of the State of Missouri, a longtime resident of Wellston, Missouri, and is and was at all relevant times a City Councilperson on the Wellston City Council.

3. Defendant the City of Wellston is a Missouri municipal corporation located in St. Louis County, State of Missouri.

4. Defendant Nathaniel Griffin, at all relevant times, is and was the Mayor of Wellston.

5. Plaintiff brings this claim pursuant to 42 U.S.C. §1983, the Free Speech Clause of the First Amendment and the Fourth Amendment to the United States Constitution, incorporated as against the states and their municipal division through the Fourteenth Amendment; and the Due Process Clause of the Fourteenth Amendment.

6. The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 because Plaintiff's action arises under the Constitution of the United States; and § 1343(a)(3) to redress the deprivation of a right secured by the Constitution of the United States.

7. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C.  139(b)(2) because a substantial part of the events giving rise to the claim occurred in St. Louis County, Missouri.

8. Divisional venue is proper in the Eastern Division because the events leading to the claim for relief arose in St. Louis County and Defendant is a municipality located in St. Louis County.  E.D. Mo.L.R. 2.07(A)(1), (B)(1).

9. In 2015, the Mayor decided to dissolve the Wellston police department.

10. The Mayor signed a contract (dated May 31, 2015) to replace the Wellston police department.

11.  On or about June 1, 2015, the Mayor had the Wellston Police Department dissolved and replaced.

12. The replacement force contract was not approved by the Wellston City Council until August 5, 2015.

13. On June 3, 2015, Linda Garner asked about the secret contract and the fact that the contract had not been shown to nor approved by the Wellston City Council.

14. Without any misconduct or illegal acts by Linda Garner, the Mayor ordered the new Wellston police to physically remove Garner from the City Council meeting.

15. The City Council never voted to have Linda Garner removed.

16. Without any probable cause of any crime, Garner was taken into police custody and physically removed from the June 3, 2015 City Council meeting and not allowed to return.

17. Garner did not commit any crime or wrong and she was never charged with a crime.

18. The Mayor, without Council approval had been having the Wellston bookkeeper write City of Wellston checks to "cash", the Mayor would take the checks, the Mayor would endorse and sign the checks, and then the Mayor would cash the checks.

19. Wellston requires two signatures on checks.

20. Wellston requires City Council approval before checks are given.

21. The Mayor was cashing checks without Council approval and without a second signature.

22. Linda Garner was critical of the Mayor for this practice and her criticism led the Mayor to order the police to remove Garner from the Council Meeting on March 16, 2016.

23. At the March 16, 2016 Council meeting, Garner properly questioned the Mayor's practice of cashing checks without Council approval and without a second signature.

24. The new Wellston police followed the Mayor's order and Garner was taken into police custody and physically removed from the March 16, 2016 City Council meeting and not allowed to return.

25. The City Council never voted to have Linda Garner removed from the March 16, 2016 meeting.

26. Without any probable cause of any crime, Garner was taken into police custody and physically removed from the March 16, 2016 City Council meeting and not allowed to return.

27. Garner did not commit any crime or wrong and she was never charged with a crime.

28. Linda Garner audio recorded the June 3, 2015, and March 16, 2016, meetings. Garner introduced the audio recordings of these two meeting. The audio recordings establish that Garner did nothing wrong at these two meetings and that her removal was improper and unlawful.

29. City council meetings are limited designated public forums.  As such, any restriction on speech must be reasonable and viewpoint neutral.

30. Linda Garner was never disruptive, spoke only when it was her turn and proper, her topics were proper, and Linda Garner committed no crime nor acted in any way to justify her illegal arrest and removal from these two City Council meetings.

31. Linda Garner was targeted, removed from two City Council meetings, and taken into custody by the new Wellston police, because of the content of her proper and lawful political speech.

32. Linda Garner does not know when next she will next be arrested and unlawfully stopped from speaking at City Council meetings.

33. Defendants' illegal and unconstitutional acts have directly and proximately harmed Linda Garner in the following and other ways:

    A. Linda Garner's proper and constitutional speech has been silenced;

    B. Linda Garner has been illegally arrested and manhandled causing her emotional upset and loss of dignity;

    C.    Linda Garner has been illegally arrested and manhandled causing her to endure unwelcome and upsetting touching and restrictions on her liberty.

## COUNT 1

## FIRST AMENDMENT

34.    Plaintiff restates and incorporates by reference the allegations of Paragraphs 1-33.

35.    Plaintiff's speech was conducted in a limited designated public forum.

36.    Plaintiff's speech is protected by the First Amendment.

37.    Plaintiff's speech did not violate any law.

38.    Plaintiff was not disruptive and her speech.

39.    Plaintiff spoke when she had the floor during the City Council meetings.

40.    But for the constitutionally protected content for her speech, Plaintiff would not have been illegally removed from two City Council meetings.

41.    The silencing of Plaintiff and her removal from two City Council meetings were each in violation of Linda Garner's constitutional rights.

42.    As the Mayor of Wellston, Defendant Nathaniel Griffin occupies a policy making role for the City of Wellston, and his actions, taken under color of law, are the official policies and actions of the City of Wellston.

## COUNT 2

## FOURTH AMENDMENT

43.    Plaintiff restates and incorporates by reference the allegations of Paragraphs 1-42.

44.    Linda Garner was twice, taken into custody, arrested, and physically removed from two City Council meetings without probable cause, without her having committed any crime or wrongful act, but solely to silence her and her constitutionally protected speech.

50. The silencing of Plaintiff and her removal from two City Council meetings were both violations of Linda Garner's constitutional rights.

51. As the Mayor of Wellston, Defendant Nathaniel Griffin occupies a policy making role for the City of Wellston, and his actions, taken under color of law, are the official policies and actions of the City of Wellston.

WHEREFORE, for each of Counts 1 and 2, Plaintiff Linda Garner respectfully asks this District Court to enter judgment for Linda Garner and against Defendants the City of Wellston and Nathaniel Griffin, jointly and severally, for such damages which are fair and reasonable, award Linda Garner her reasonable attorney fees incurred in prosecuting this matter, award Linda Garner her taxable court costs incurred in this action, and for any other relief deemed just.

**SCHULTZ & ASSOCIATES LLP**

By: /s/ Robert Schultz
Robert Schultz, #35329MO
Ronald J. Eisenberg, #48674MO
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645 telephone
636-537-2599 facsimile
rschultz@sl-lawyers.com
reisenberg@sl-lawyers.com
***Attorneys for Plaintiff***