UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA GARNER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:17-cv-01674-AGF |
| THE CITY OF WELLSTON, et. al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Plaintiff's motion seeking leave to file a second amended complaint (ECF No. 30) to name three defendant police officers in their individual capacity. For the reasons set forth below, the motion will be denied.

## BACKGROUND

Plaintiff is a Missouri resident who served as a councilwoman on the Wellston City Council. Defendants are the City of Wellston, Wellston Mayor Nathaniel Griffin, and police officers John Buchanon, Phillip Quinn, and Malik Moonchild. In June 2017, Plaintiff filed this action against the City and Mayor Griffin under 42 U.S.C. § 1983, alleging that she was wrongfully arrested in retaliation for criticisms she expressed at council meetings, in violation of her First and Fourth Amendment rights. In September 2017, Plaintiff amended her complaint to add the Defendant officers. As relevant here, her amended complaint did not specify whether the suit was brought against the officers in their official capacity, their individual capacity, or both. It simply stated: "Defendants

1

John Buchanon, Phillip Quinn, and Malik Moonchild are each police officers serving as police officers for the City of Wellston." ECF No. 10 at ¶ 5.

Pursuant to the Case Management Order (ECF No. 20), the deadline to join additional parties was February 1, 2018. The parties participated in mediation on January 30, 2018, and discovery was completed on September 24, 2018. A jury trial is set for February 11, 2019.

On September 21, 2018, the Defendant officers filed a motion for summary judgment (ECF No. 26) asserting that, as a matter of law, Plaintiff could not prevail on her claims against them in their official capacity,[1] and Plaintiff failed to name them in their individual capacity as required by Eighth Circuit precedent.[2] Four weeks later, Plaintiff filed the present motion for leave to amend her complaint to specify the officers' individual capacity. In support of her motion to amend, Plaintiff submits that her complaint "overtly pled" an individual liability claim, so the "technical defect in the complaint should not allow Defendants to win when the facts indicate Defendants should lose." ECF No. 30 ¶ 3, 5. Concurrent with her motion, Plaintiff filed a response (ECF No. 31) to the officers' motion for summary judgment asserting that her complaint as

---

[1] Under *Monell v. Dep't. of Social Services of City of New York*, a plaintiff asserting §1983 claims based on the actions of individual public servants in their official capacity must show that those officials acted pursuant to governmental policy or custom. 436 U.S. 658, 690-92 (1978).

[2] *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989); *Artis v. Francis Howell North Band Booster Ass'n*, 161 F.3d 1178, 1182 (8th Cir. 1998); *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012).

amended would negate the premise of their motion; Plaintiff did not brief the merits of their motion.

The Defendant officers oppose Plaintiff's motion to amend, citing a lack of good cause and risk of undue delay and prejudice. They refer to multiple responsive documents in which they signaled the limitation of Plaintiff's claims to their official capacity, further noting that they conducted depositions, completed discovery, and filed their dispositive motion all in reliance on the absence of any indication that Plaintiff intended to sue them in their individual capacity. The officers aver that Plaintiff's course correction at this juncture would necessitate substantial amendments to CMO deadlines, including further discovery, mediation, and extensions for dispositive motions and trial.

Plaintiff replies that, despite the lack of clarity in her complaint, she adequately pleaded her allegations against the officers in their individual capacity, and Eighth Circuit precedent requiring specificity conflicts with Rule 9(a) of the Federal Rules of Civil Procedure, which does not require specificity.

## DISCUSSION

Rule 15(a) governs motions for leave to amend pleadings and generally supports the liberal granting of such motions "when justice so requires." Fed. R. Civ. P. 15(a). However, Rule 16(b) provides that scheduling orders limit the time for amending pleadings and the schedule established by such an order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). "The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit." *Sherman v. Winco Fireworks, Inc.*, 532

3

F.3d 709, 716 (8th Cir. 2008). When a party seeks leave to amend a pleading after the period established by the scheduling order, the good-cause standard of Rule 16(b) applies and "is not optional." *Id*. "The primary measure of good cause is the movant's diligence in attempting to meet [CMO] requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). Good cause requires a showing that, despite the movant's diligence, the amendment could not reasonably have been offered sooner. *Sherman*, 532 F.3d at 716–17. Plaintiff fails to meet these standards.

Longstanding Eighth Circuit precedent instructs that, when a complaint does not specifically name defendant officers in their individual capacity, we presume that they are sued only in their official capacity. *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012); *Artis v. Francis Howell North Band Booster Ass'n*, 161 F.3d 1178, 1182 (8th Cir. 1998); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). A plaintiff who wishes to sue a public servant in an individual capacity must so specify in the complaint. *Nix*, 879 F.2d at 431. The requirement of specificity "guarantees that the defendant receives prompt notice of his or her potential personal liability." *Id*. Though Plaintiff insists that her claims always and necessarily implicated the officers in their individual capacity, the foregoing precedent still requires her to expressly say so. This same binding precedent defeats Plaintiff's argument that Rule 9(c) relieves her of that obligation, because the requirement is jurisdictional. *Id*.

Plaintiff's motion to amend comes seventeen months after Plaintiff initially filed her complaint, through counsel, and nearly ten months after the CMO deadline to join additional parties. Plaintiff failed to remedy her omission even when Defendants offered

4

her that opportunity by flagging the issue in their responsive documents. For instance, in their answer, the Defendant officers observed that "Plaintiff's pleadings sue Defendants solely in their official capacities." ECF No. 19 at 6, 7. In their responses to interrogatories in May 2018, the officers specifically objected to certain questions on the basis that they "are sued solely in their official capacities." ECF No. 33-4 at 1. Plaintiff now attempts to negate that premise and alert the Defendant officers of their potential personal liability only in response to their dispositive motion, four months before trial. Plaintiff cannot demonstrate diligence or good cause on this record.

Where the record demonstrates a clear lack of diligence supporting a Rule 16 modification, a court need not consider other factors such as prejudice. *Bradford*, 249 F.3d at 809. Nevertheless, the Court further notes that a suit against state employees in their official capacity is the functional equivalent of a suit against the state itself. *Zajrael*, 677 F.3d at 355. Thus, Plaintiff's proposed individual-capacity amendment would materially alter: the legal theories underpinning her claims against the Defendant officers; their corresponding defenses, including qualified immunity; the scope of discovery; the context of mediation; and this Court's efficient disposition of the case. These circumstances constitute prejudice sufficient to defeat Plaintiff's motion. *See Hammer v. City of Osage Beach, Mo.*, 318 F.3d 832, 844 (8th Cir. 2003) (affirming denial of leave to amend after close of discovery and motion for summary judgment on pleaded theories).

Finally, the Court observes that Plaintiff has offered no substantive response whatsoever to the merits of Defendants' motion for summary judgment, instead merely reiterating her belated request for leave to amend. While the Court will deny such leave,

5

it will afford Plaintiff an opportunity to respond to the merits of Defendants' motion for summary judgment.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for leave to amend her complaint is **DENIED**. ECF. No. 30.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **November 26, 2018**, to show cause why Defendants' motion for summary judgment should not be granted.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2018.