UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA GARNER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:17-cv-01674-AG |
| THE CITY OF WELLSTON, et. al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion for summary judgment. ECF No. 26. For the reasons set forth below, the motion will be granted.

## BACKGROUND

Plaintiff Linda Garner served as a councilwoman on the Wellston City Council from 2010 to 2017. In June 2017, Plaintiff filed this action against the City and its mayor, Nathaniel Griffin, under 42 U.S.C. § 1983, alleging that she was wrongfully arrested in retaliation for criticisms she expressed at council meetings, in violation of her First and Fourth Amendment rights. In September 2017, Plaintiff amended her complaint to name Wellston police officers John Buchanon, Phillip Quinn, and Malik Moonchild (Officers) as additional Defendants. According to the amended complaint, on June 3, 2015, Mayor Griffin ordered the Officers to remove Plaintiff from a city council meeting after she questioned him about a city contract. The Officers physically removed her and confined her outside the meeting room. This occurred again on March 16, 2016, after Plaintiff questioned Griffin about check-cashing practices.

1

Following the completion of discovery and a mediation conference that did not yield a settlement, on September 21, 2018, the Officers filed the present motion for summary judgment. In this motion, the Officers assert that Plaintiff could not prevail on her claims against them in their official capacity as a matter of law, and Plaintiff failed to name them in their individual capacity as required by Eighth Circuit precedent. Plaintiff then sought leave to amend her complaint to name the Officers in their individual capacity. This Court denied that motion and directed Plaintiff to respond to the merits of Defendants' motion for summary judgment as to the Officers in their official capacity. ECF No. 36. Defendants' motion is now fully briefed and before the Court for disposition.

## DISCUSSION

**Summary Judgment Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts;" rather, she "must come forward with specific facts showing that there is a genuine issue for trial." *Briscoe v. St. Louis County, Missouri*, 690 F.3d 1004, 1011 (8th Cir. 2012).

**Analysis**

A plaintiff asserting §1983 claims based on the actions of individual public servants in their official capacity must show that those officials acted pursuant to governmental policy or custom. *Monell v. Dep't. of Social Services of City of New York*, a 436 U.S. 658, 690-92 (1978). Defendants initially assert that Plaintiff cannot make that showing because the record lacks any facts giving rise to a triable issue as to the existence of a policy or custom behind the Officers' actions.

In response, Plaintiff contends that Mayor Griffin's orders to remove her constituted city policy. Courts have recognized that an "unconstitutional governmental policy could be inferred from a single decision taken by the highest officials responsible for setting policy in that area of the government's business." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988). On that theory, Plaintiff insists that the Officers are liable for following Griffin's unconstitutional edict directing her removal. Plaintiff relies heavily on *Kentucky v. Graham*, explaining that "in an official-capacity suit, the entity's policy or custom must have played a part in the violation of federal law." 473 U.S. 159, 166 (1985). But *Graham* does not support Plaintiff's argument. On the contrary, *Graham* instructs that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id*. at 165. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. at 166. Plaintiff's additional reliance on *Paige v. Coyner* is similarly

misplaced. 614 F.3d 273, 284 (8th Cir. 2010) (applying *Monell* to public entities in suit also naming officer in official and individual capacity).

Indeed, as Defendants emphasize in their reply, "a suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity," so such a suit naming the officer only in his official capacity "should be dismissed as redundant if the employing entity is also named." *King v. City of Crestwood, Missouri*, 899 F.3d 643, 650 (8th Cir. 2018), citing *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (affirming dismissal of claim against officer not specifically named in his individual capacity where his employer municipality was also named as a defendant).

Consequently, even viewing the summary judgment record in the light most favorable to Plaintiff, her claims against the Officers are not cognizable as a matter of law.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion for summary judgment of Defendants Buchanon, Quinn, and Moonchild is **GRANTED**. ECF. No. 26.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2018.